IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACCESS LIVING OF METROPOLITAN CHICAGO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  No. 15 C 2091<br>) |
| THE JAMES C. CHENG LIVING TRUST | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to dismiss. For the reasons stated below, the motion to dismiss [20] is denied.

## BACKGROUND

Plaintiff Access Living of Metropolitan Chicago (Access) states that it is an organization whose mission is to promote equal access to housing for persons with disabilities. Defendant is allegedly the owner of an apartment building (Building) in Chicago, Illinois. Access allegedly had three testers call Defendant indicating that they were interested in a studio apartment that was for rent in the Building. On March 11, 2013, the first tester (First Tester) called Defendant on a regular telephone and did not indicate that she was disabled in any way. The First Tester allegedly

1

reached an answering machine, but did not leave a message. About ten minutes later the First Tester allegedly called again and left a message on the answering machine asking Defendant to call her back.

On March 11, 2013, a second tester (Second Tester) allegedly called the Defendant. The Second Tester allegedly portrayed herself as being deaf and called Defendant via an Internet Protocol Relay System (IP Relay System) that is used by deaf persons. The Second Tester also allegedly reached an answer machine, but did not leave a message. The Second Tester then allegedly called again and left a message indicating that she was deaf, and that she was interested in the apartment. The Second Tester allegedly left her email address and asked Defendant to contact her via email. On March 13, 2013, the Second Tester again called the Defendant and reached the answering machine, but did not leave a message, and then called once more and left another message. On March 18, 2013, the Second Tester allegedly called one more time and left another message. On March 19, 2013, a third tester (Third Tester) allegedly called Defendant on a regular telephone and did not indicate that she was disabled in any way. The Third Tester allegedly reached an answering machine and left a message.

According to Access, Defendant returned the calls from the First Tester and Third Tester and answered all their questions. However, in regard to the Second Tester, who portrayed herself as being deaf, Defendant allegedly never called her back or contacted her in any way. Access brought the instant action and includes in its complaint a claim alleging discrimination in violation of the Fair Housing Act

2

(FHA), 42 U.S.C. § 3601 *et seq.* Defendant now moves to dismiss the instant action.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

DISCUSSION

I. Similarities Among Test Calls

Defendant argues that the FHA claim should be dismissed, contending that Access failed to ensure that the testers made the calls in comparable circumstances. Specifically, Defendant contends that the First Tester and Third Tester asked Defendant to call them back on the telephone, but the Second Tester, who portrayed herself as being deaf, asked Defendant to respond via email. Defendant argues that because of such distinguishing facts, Access's allegations are insufficient to state a valid FHA claim. Defendant contends that Access should have had the Second Tester ask Defendant to call her back, which could have been accomplished on the IP Relay system.

Defendant cites to cases such as *Kyles v. J.K. Guardian Sec. Services, Inc.*, 222 F.3d 289 (7th Cir. 2000) and *United States v. Balistrieri*, 981 F.2d 916 (7th Cir. 1992), which addressed the usage of testers to test for unlawful discrimination. (Mem. Dis. 3). However, in *Kyles*, the Court was reviewing a ruling by the district court made at the summary judgment stage, and in *Balistrieri*, the Court was reviewing rulings made by the district court after a jury trial. 222 F.3d at 292; 981 F.2d at 926-27. Thus, such opinions did not set forth a pleading standard in FHA cases.

Although Defendant has provided an inaccurate citation in its brief, it is clear that the Defendant also cites to *Oates v. Discovery Zone*, 116 F.3d 1161 (7th Cir.

1997). Defendant cites *Oates* for propositions relating to the evidentiary burden on a plaintiff, which Defendant contends is the preponderance of evidence standard. (Reply 1-2). Defendant also cites to *Oates* to argue that the burden-shifting method should be applied to Access's complaint. (Reply 1-2). The cases cited by Defendant are not on point for a Rule 12(b)(6) motion that seeks to challenge the sufficiency of the allegations in the complaint. *See Hayes v. Elementary School Dist. No. 159*, 2011 WL 1059890, at *2 (N.D. Ill. 2011)(explaining that the *McDonnell Douglas* burden-shifting method is not applicable at the motion to dismiss stage). At the pleadings stage, a plaintiff does not have to point to evidence or meet an evidentiary burden. Nor is the burden-shifting method applied at the pleading stage. The plaintiff must merely present allegations to satisfy the plausibility standard, and Access has done so in this case. To assess the similarities and dissimilarities among the testers used by Access, the court must consider all evidence and facts in the record, and Access was not required to include all such facts or evidence in its complaint. At the summary judgment stage, Defendant can point to evidence and present arguments as to whether it believes the testers used by Access were comparable.

II. Conclusory Allegations

Defendant also argues that Access has failed to provide more than conclusory allegations that fail to state a valid claim for relief. Defendant cites to cases for the proposition that the presentation of boilerplate legal jargon and a formulaic recitation

5

of elements of a claim is not sufficient to state a valid claim for relief. (Mem. Dis. 4-5). However, in this case Access has offered much more than conclusory and boilerplate statements in its complaint. Access provides factual details concerning the three testers that it employed to call Defendant and the process that they followed when calling Defendant. Defendant also contends that the court should dismiss the FHA claim because there are no specific facts in the complaint that show that Defendant's actions were the result of a bias against deaf persons. However, such bias and motivation can be plausibly inferred from the facts at this pleading stage and that is all that is required at this juncture. According to the allegations in the complaint, Defendant returned the calls of the two testers that did not indicate that they were deaf and Defendant did not return the call from the tester who portrayed herself as deaf. Evidence of a defendant's motive may lie nowhere other than in that defendant's mind, and thus it would be virtually impossible under such a standard for any plaintiff to state a valid claim for relief under the FHA at the initial pleading stage. Access has stated sufficient facts to state a valid FHA claim. Therefore, the motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Defendant's motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 20, 2015

6